Harry Schwartz and Rose Schwartz v. Commissioner. Edward Spero and Helen Spero v. Commissioner.
Schwartz v. Commissioner
Docket Nos. 89824, 89825.
United States Tax Court
T.C. Memo 1963-175; 1963 Tax Ct. Memo LEXIS 170; 22 T.C.M. (CCH) 835; T.C.M. (RIA) 63175; June 26, 1963
*170 Held, the value of lodgings furnished petitioners by their corporate employer is excluded from their gross income under the provisions of section 119, I.R.C. 1954, such lodgings being furnished by the employer for its convenience and as a necessary condition of petitioners' employment. Herbert M. Friedman for the petitioners. Leon M. Kerry for the respondent. BLACK Memorandum Findings of Fact and Opinion The respondent determined deficiencies in income tax for the taxable year 1957 as follows: Docket
No.
Petitioners
Deficiency
89824
Harry Schwartz and Rose
Schwartz
$712.97
89825
Edward Spero and Helen
Spero
478.90
The adjustments to taxable income and the explanation of the adjustments set forth in the notice of deficiency *171 mailed to Harry and Rose Schwartz are as follows: ADJUSTMENTS TO TAXABLE INCOME Taxable income as disclosed by re-
turn
$ 7,690.65
Unaliowable dlductions and addi-
tional income: (a) Dividend income
$ 475.00
(b) Compensation
2,400.00
2,875.00
Total
$10,565.65
Nontaxable income and additional
deductions: (c) Standard deduction
12.15
Taxable income as corrected
$10,553.50 EXPLANATION OF ADJUSTMENTS (a) It is determined that you received dividend income in the amount of $475.00 in the taxable year ended December 31, 1957 which was not reported on your tax return. (b) It has been determined that you had additional compensation in the taxable year ended December 31, 1957 in the amount of $2,400.00; said amount representing the fair market value of an apartment furnished you rent-free by your employer, Sigmund Schwartz, Inc. (c) Your standard deduction is increased due to an increase in the amount of adjusted gross income. Standard deduction per return
$ 987.85
Corrected standard deduction
1,000.00
Adjusted increase
$ 12.15
Similar adjustments and explanations were offered for 1957 as to Edward and Helen Spero, *172 differing only in the amounts. The cases have been consolidated. A stipulation of facts, together with exhibits attached thereto, was filed by the parties and is incorporated herein by this reference. Petitioners have not put in issue the adjustments with respect to dividend income and that question is not before us. The single question presented is whether or not the lodgings furnished petitioners by their employer are excludable from gross income under the provisions of section 119, 1954 Code. [1]
*173 Findings of Fact Harry and Rose Schwartz, husband and wife, reside at 154 Second Avenue, New York, New York. They filed a joint Federal income tax return for the year 1957 with the district director of internal revenue, Lower Manhattan, New York. Edward and Helen Spere, husband and wife, reside at 154 Second Avenue, New York, New York. They filed a joint Federal income tax return for the year 1957 with the district director of internal revenue, Lower Manhattan, New York. During the year 1957 Harry and Edward were licensed undertakers and were so employed by Sigmund Schwartz, Inc., hereinafter sometimes called the corporation or the employer. During said year Rose and Helen were employed to do clerical work by the corporation. The corporation was incorporated in New York on November 18, 1936. Its present location is at 154 Second Avenue, New York, New York. It is engaged in funeral directing and in the operation of an undertaking establishment. During the year in issue the corporation was a family owned and operated corporation in which the petitioners were involved as follows: Harry
President, Director, one-fifth Stock-
holder
Rose
Assistant Secretary, Clerk
Edward
Vice President
Helen
Assistant Treasurer, Director, Clerk,
one-fifth Stockholder
*174 All other officers, directors, and stockholders of the corporation are closely related to petitioners by blood or marriage. The building occupied by the corporation was leased from another family owned corporation, Gramercy Park Memorial Chapel, Inc., and its officers, directors, and stockholders were identical with those of Sigmund Schwartz, Inc. The building occupied by the lessee corporation has three stories and a basement. The basement contains an embalming room, three showrooms for caskets, two offices, restrooms, and two stockrooms. The ground floor contains reposing rooms, a large chapel extending up through the second floor, and an office. The second floor contains a 3-room apartment which, during 1957, was occupied by Lawrence Schwartz (employed by the corporation as an embalmer) and his wife. The third floor contains two apartments: one of five rooms and bath occupied during the year 1957 by Harry and Rose, and an apartment of four rooms and bath occupied during said year by Edward and Helen. The present building was specifically constructed to provide living accommodations for certain employees. None of the petitioners paid rent to the corporation for their lodgings. *175 For the year 1957 Harry and Rose reported total wages of $7,040 and $2,600, respectively. For the same year Edward and Helen reported total wages of $4,430 and $2,600, respectively. None of the petitioners reported any constructive income for the lodgings furnished them. The business now operated by the corporation was founded in 1902 as an individual proprietorship by Sigmund Schwartz, father of Harry and Helen. From its inception it has catered to Jewish clients who require burial under their religious laws within a 24-hour period. The business was conducted in various buildings since its inception and at all times had a proprietor or corporate employee living at the place of business. The business did no advertising but instead relied upon personal contacts of the family within the ethnic community for the promotion of the enterprise. In order to maintain the necessary personal contacts Harry, Edward, and, to a lesser extent, their wives played active roles in the various organizations within the ethnic community. The close-knit family funeral home operated by the corporation is a recognized community type of funeral establishment which is to be distinguished from a mass mortuary *176 operation and other classifications of funeral homes. This corporation, as well as others in its category, depended upon and required certain of its employees to be prepared to render service on a 24-hour basis. The officers and directors of the corporation made a business judgment that this 24-hour service was further enhanced by having certain of its employees reside in the home itself. Because of the 24-hour burial limitation petitioners received many telephone calls at the funeral home from families seeking their services during the day and night. The corporation did not desire to subscribe to a telephone answering service since it was felt that this would defeat the personal goodwill developed by the employees and officers and would be contrary to its business interests. The lodgings furnished petitioners by their employer were furnished on the business premises of the employer for the convenience of the employer, and the petitioners were required to accept the lodgings there as a condition of employment. Opinion BLACK, Judge: No issue exists in these proceedings as to the cost of meals furnished to petitioners by their employer. Petitioners paid for their own meals and *177 are not claiming any exclusion on that account. The only issue is as to the value of the lodgings furnished them by their corporate employer, Sigmund Schwartz, Inc., and as to petitioners' right to their exclusion under section 119 of the 1954 Code. Respondent contends that petitioners have failed to establish as a matter of proof their contentions for excluding from gross income the value of the lodgings furnished them by their common employer. We cannot agree with respondent. Petitioners' clear and uncontradicted evidence introduced through the oral testimony of Harry, another director of the employer, and an expert witness, meets the requirements of section 119 and the regulations promulgated thereunder; see section 1.119-1(b), Income Tax Regs.
We need not belabor the point. It is sufficient to say that the evidence shows that the personal family type of funeral establishment conducted by the corporation required close contact of its employees with the ethnic community where 24-hour availability was essential. The decision made by the corporation's officers and directors that it was in its best business interests to have petitioners reside in the funeral *178 home and required that they do so as a condition of their employment was a valid business decision, despite the closely held family nature of the corporate employer, and it seems to us comes within the provisions of section 119 of the 1954 Code. We decide this issue in favor of the petitioners. Decisions will be entered under Rule 50. Footnotes
1. SEC. 119. MEALS OR LODGING FURNISHED FOR THE CONVENIENCE OF THE EMPLOYER. There shall be excluded from gross income of an employee the value of any meals or lodging furnished to him by his employer for the convenience of the employer, but only if - (1) in the case of meals, the meals are furnished on the business premises of the employer, or (2) in the case of lodging, the employee is required to accept such lodging on the business premises of his employer as a condition of his employment. In determining whether meals or lodging are furnished for the convenience of the employer, the provisions of an employment contract or of a State statute fixing terms of employment shall not be determinative of whether the meals or lodging are intended as compensation.↩